**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| In re: | )    Case No. 26-42141 |
| Monica Liddell | )    Chapter 13 |
| SSN: XXX-XX-6922 | ) |
| | )    Hearing Date: |
| | )    Hearing Time: |
| Debtor(s). | )    Hearing Location Courtroom |
| | )    111 S. 10th Street |
| | )    St. Louis, MO 63102 |

**CHAPTER 13 PLAN**

| 1.1 | **A limit on the dollar amount of a secured claim, which may result in a partial payment or no payment at all to the secured creditor.** | ___ Included<br>_X_ Not Included |
|---|---|---|
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest.** | ___ Included<br>_X_ Not Included |
| 1.3 | **Nonstandard provisions set out in Part 5.** | ___ Included<br>_X_ Not Included |

**Part 1.**       **NOTICES**

**TO DEBTORS:** This form sets out options that may be appropriate in some cases, but the presence of an option does not indicate that the option is appropriate in your circumstances or that it is permissible in the Bankruptcy Court for Eastern District of Missouri ("Bankruptcy Court"). **Plans that do not comply with local rules and judicial rulings may not be confirmable.**

**TO CREDITORS:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.** You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment, you or your attorney must file an objection to confirmation in accordance with the Bankruptcy Court's Local Rule 3015. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. **YOU MUST FILE A TIMELY PROOF OF CLAIM IN ORDER TO PARTICIPATE IN DISBURSEMENTS PROPOSED IN THE PLAN. A CLAIM WILL SHARE ONLY IN FUNDS DISBURSED AFTER THE CHAPTER 13 TRUSTEE RECEIVES THE CLAIM.**

**Part 2.**       **PLAN PAYMENTS AND LENGTH OF PLAN**

2.1   **Plan Payments**. **Debtor is to make regular payments to the Chapter 13 Trustee ("Trustee") as follows: (complete one of the following payment options)**

  (A) $1,150.00 per month for 60 months.

  (B) $_____ per month for _____ months, then $_____ per month for _____ months, then $_____ per month for _____ months.

  (C) A total of $_____ through _____, then $_____ per month for

_____ months beginning with the payment due in _____, 20____.

2.2     **Tax Refunds**. Debtor must provide the Trustee with a copy of each tax return required to be filed during the life of the plan no later than fourteen days after filing it. Debtor must send any tax refund received during the pendency of the Chapter 13 case to the Trustee; however, Debtor may retain a portion of a tax refund to pay income taxes owed to any taxing authority for the same period as the refund. Debtor may also retain $1,250 for single filers or $1,500 for joint filers and refundable tax credits consisting of Earned Income Credit (EIC) and Additional Child Tax Credit, each year.

2.3     **Additional Lump Sums**. Debtor will send additional lump sum(s) consisting of _____, if any, to be paid to the Trustee.

## Part 3.     DISBURSEMENTS

Creditors will be paid in the following order and in the following fashion. Unless stated otherwise, the Trustee will make the payments to creditors. All disbursements by the Trustee will be made pro rata by class, except per month disbursements described below. However, if there are funds available after payment of equal monthly payments in paragraph 3.5 and fees in paragraph 3.6, those funds may be distributed again to those same paragraphs until paid in full before distributing to the next highest paragraphs:

3.1     **Trustee**.   Pay Trustee a percentage fee as allowed by law.

3.2     **Executory Contract/Lease Arrearages**. Trustee will cure pre-petition arrearage on any executory contract assumed in paragraphs 3.3(A) or (B) over the following period, estimated as follows:

| CREDITOR NAME | EST ARREARAGE DUE | CURE PERIOD (6 months or less) |
|---|---|---|

3.3     **Pay the following sub-paragraphs concurrently:** Payments to be made by the Trustee under this paragraph will cease when the proof of claim has been paid in full, the Chapter 13 plan has completed, or the Bankruptcy Court so orders.

(A) **Post-petition real property lease payments**. Debtor assumes lease(s) for real property with the following creditor(s) and proposes to maintain payments (which Debtor will pay) in accordance with terms of the original lease(s) as follows:

| CREDITOR NAME | MONTHLY PAYMENT |
|---|---|

(B) **Post-petition personal property, lease payments, or executory contracts**. Debtor assumes lease(s) or executory contract(s) for personal property with the following creditor(s) and proposes to maintain payments (which the Trustee will pay) in accordance with terms of the original lease(s) or contract(s) as follows:

| CREDITOR NAME | MONTHLY PAYMENT | EST MONTHS REMAINING |
|---|---|---|

(C) **Continuing Debt Payments, including post-petition mortgage payments on real estate, other than Debtor's residence.** Maintain payments on the following continuing debt(s) in

accordance with terms of the original contract(s), with any arrearages owed at the time of filing to be cured in paragraph 3.5(A). Trustee will make payments in the amount listed below or as adjusted by the creditor under terms of the loan agreement.

CREDITOR NAME              MONTHLY PAYMENT

(D) **Post-petition mortgage payments on Debtor's residence.** Payments due post-filing on debt(s) secured by lien(s) on Debtor's residence will be paid at the monthly amount listed below, or as adjusted by the creditor under terms of loan agreement, to:

CREDITOR NAME              MONTHLY PAYMENT

_____ **Trustee Pay**.  If checked, the Trustee will pay post-petition mortgage payments on Debtor's residence

_____ **Direct Pay**.  If checked, Debtor will directly pay post-petition mortgage payments on Debtor's residence. By selecting Direct Pay, Debtor acknowledges and agrees that the sending of any monthly statement and/or escrow statement by the mortgage lender is not a violation of the automatic stay or any bankruptcy rule of procedure.  Debtor further agrees that any online payment access or phone payment access provided by the mortgage lender is not a violation of the automatic stay or any bankruptcy rule of procedure.

(E) **DSO Claims in equal installments.** Pay pre-petition domestic support obligation arrears not provided for elsewhere in the plan in full in equal monthly installments over the life of the plan, estimated as:

CREDITOR NAME          EST AMOUNT DUE        INTEREST RATE

3.4     **Attorney Fees**. Pay Debtor's attorney $2,100.00 in equal monthly payments over 18 months (no less than 18 months). Any additional fees allowed by the Court shall be paid pursuant to paragraph 3.6 below. [See Procedures Manual for limitations on use of this paragraph]

3.5     **Pay the following sub-paragraphs concurrently**:

(A) **Pre-petition arrears on secured claims paid in paragraph 3.3**. Pay pre-petition arrearage on debts paid under paragraphs 3.3(C) or (D) in equal monthly installments over the period set forth below and with the interest rate identified below, estimated as follows. If no period is set forth below for a claim to be paid under this paragraph, the claim will be paid over the plan length.

| CREDITOR NAME | EST ARREARAGE DUE | CURE PERIOD | INTEREST RATE |
|---|---|---|---|
| | | 60 months | 0 |

(B) **Secured claims to be paid in full**. The following claims will be paid in full in equal monthly payments over the period set forth below with 8.50**%** interest. If no period is set forth below for a claim to be paid under this paragraph, the claim will be paid over the plan length.

| CREDITOR | EST BALANCE DUE | REPAY PERIOD | TOTAL w/ INTEREST |
|---|---|---|---|
| | | 60 months | |

(C) **Secured claims subject to modification**. Pay all other secured claims the fair market value of the collateral, as of the date the petition was filed, in equal monthly payments over the period set forth below with 8.50**%** interest. The remainder of the debt above the fair market value will be paid as non-priority unsecured debt under paragraph 3.9(A). If no period is set forth below for a claim to be paid under this paragraph, the claim will be paid over the plan length.

| CREDITOR | EST BALANCE DUE | FMV | REPAY PERIOD | TOTAL w/ INTEREST |
|---|---|---|---|---|
| | | | 60 months | |

(D) **Secured co-debtor debt paid in equal monthly installments**. The following secured co-debtor claims(s) will be paid by Trustee or by the co-debtor as noted below. If paid by the Trustee, such claim(s) will be paid in equal monthly installments over the period and with interest as identified below:

| CREDITOR | EST BALANCE | TRUSTEE/CO-DEBTOR | PERIOD | INTEREST RATE |
|---|---|---|---|---|

(E**)** **Post-Petition Fees, Expenses and Charges**.  Pay any post-petition fees, expenses and charges identified in a notice filed pursuant to Federal Rule of Bankruptcy Procedure 3002.1 as a supplement to an allowed claim or any other post-petition fees and costs that the Bankruptcy Court allows and orders the Trustee to pay. Any such amounts will be paid in equal monthly payments over the remainder of the plan duration and will not receive interest.

3.6     **Additional Attorney Fees**.  Pay $2,900.00 of Debtor's attorney's fees and any additional Debtor's attorney's fees allowed by the Court.

3.7     **Pay sub-paragraphs concurrently**:

(A) **Unsecured co-debtor claim(s)**. The following unsecured co-debtor claim(s) to be paid by the Trustee or by the co-debtor as noted below. If paid by the Trustee, pay claim(s) in full with interest as identified below:

| CREDITOR NAME | EST BALANCE DUE | TRUSTEE/CO-DEBTOR | INTEREST RATE |
|---|---|---|---|

(B) **Assigned DSO Claims**.  Domestic support obligation arrearages assigned to, or recoverable by, a governmental unit, will be paid a fixed amount with the balance to be owed by Debtor(s) after completion of the Plan, pursuant to Bankruptcy Code §§ 507(a)(1)(B) and 1322(a)(4). Regular payments that become due after filing will be paid **directly** by Debtor(s):

| CREDITOR | EST AMOUNT DUE | TOTAL AMOUNT PAID BY TRUSTEE |
|---|---|---|

3.8     **Priority Claims.** Pay priority claims allowed under Bankruptcy Code § 507 that are not addressed elsewhere in the plan in full, estimated as follows:

| CREDITOR NAME | EST AMOUNT DUE |
|---|---|

3.9 **Pay the following sub-paragraphs concurrently**:

(A) **General Unsecured Claims**. Pay non-priority, unsecured creditors. Estimated total owed: $130,022.77. Amount required to be paid to non-priority unsecured creditors as determined by Bankruptcy Code § 1325(a)(4) hypothetical Chapter 7 liquidation calculation: $0.00. Amount required to be paid to non-priority unsecured creditors as determined by Bankruptcy Code § 1325(b) disposable income calculation: $57,298.20.

**(1)** Debtor guarantees a minimum of **$57,298.20** (Dollar amount or 100%) will be paid to non-priority unsecured creditors.

**(2)** ☐ If this box is checked, Debtor also guarantees a minimum repayment to a class or classes of non-priority unsecured creditors as set forth on the attached exhibit. Any guarantee on the exhibit is included in, and not in addition to, the guarantee in sub-paragraph 3.9(A)(1).

(B) **Surrender of Collateral**. Debtor proposes to surrender the following collateral to the following creditor(s) and requests that the Bankruptcy Court grant the creditor(s) relief from the stays of Bankruptcy Code §§ 362 and 1301. Any deficiency will be paid as non-priority unsecured debt. unless noted otherwise below.

✓ The Trustee is to stop payment on the creditor's claim until such time as the creditor files an amended claim showing the secured and unsecured deficiency, if any, still owed after sale of the surrendered collateral. (This paragraph will not be effective unless the box is checked.)

| CREDITOR | COLLATERAL |
| --- | --- |
| American Credit Acceptance | 2015 Infiniti QX60 |
| Global Lending | 2024 GMC Terrain |

(C) **Rejected Executory Contracts/Leases.** Debtor rejects the following executory contract(s)/leases with the following creditor(s). Any balance will be paid as non-priority unsecured debt:

| CREDITOR | CONTRACT/LEASE |
| --- | --- |

## Part 4. OTHER STANDARD PLAN PROVISIONS

4.1 Absent a specific order of the Bankruptcy Court to the contrary, the Trustee, rather than Debtor, will make all pre-confirmation disbursements pursuant to Bankruptcy Code § 1326(a).

4.2 All creditors entitled to pre-confirmation disbursements, including lease creditors, must file a proof of claim to be entitled to receive payments from the Trustee. Local Rule 3015-2-K.

4.3 The proof of claim will control the valuation of collateral, and any valuation stated in the plan will not be binding on a creditor.

4.4 The Trustee, in the Trustee's sole discretion, may determine to reserve funds for payment to any creditor secured by a mortgage on real estate pending filing of a claim.

4.5 Any post-petition claims filed and allowed under Bankruptcy Code § 1305 may be paid through the plan.

4.6     Debtor is not to incur further credit or debt without the consent of the Bankruptcy Court unless necessary for the protection of life, health or property, and only if consent of the Trustee cannot be obtained readily.

4.7     All secured creditors will retain the liens securing their claims until the earlier of the full payment of the underlying debt determined under non-bankruptcy law or discharge under Bankruptcy Code § 1328. However, Debtor may request avoidance of non-possessory, non-purchase money liens secured by certain goods as well as judicial liens that impair exemptions.

4.8     Title to Debtor's property will re-vest in Debtor(s) upon confirmation.

**Part 5.          NONSTANDARD PLAN PROVISIONS**

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**The following plan provisions will be effective only if there is a check in the box "included" in paragraph 1.3 of this Plan:**

**5.1**_____

_____

_____

**5.2**_____

_____

_____

**Part 6.          CERTIFICATION**

**The Debtor(s) and Debtor('s') attorney, if any, certify that the wording and order of the provisions in this Plan are identical to those contained in Local Form 13 of the Eastern District of Missouri, other than any nonstandard plan provisions in Part 5.**

Date: _05/13/2026_        Debtor: _/s/Monica Liddell_____

Date: _05/13/2026_        _/s/Robert E. Faerber_____
                         Robert E. Faerber, #46794MO
                         Attorney for Debtor
                         230 South Bemiston, Suite 600
                         Clayton, Missouri 63105
                         Tel: 314/727-3434
                         Fax: 314/727-6992
                         faerber@msn.com